FILED

04/10/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0524

DA 16-0524

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 90N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

PHILIP RAE GRIBBLE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                  In and For the County of Custer, Cause No. DC-2015-98
                  Honorable Michael B. Hayworth, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

             Chad Wright, Appellate Defender, Koan Mercer, Assistant Appellate
             Defender, Helena, Montana

      For Appellee:

             Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
             Attorney General, Helena, Montana

             Wyatt A. Glade, Custer County Attorney, Miles City, Montana

Submitted on Briefs:  February 21, 2018

Decided:  April 10, 2018

Filed:

                                   Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Philip Gribble (Gribble) appeals from a Sixteenth Judicial District Court order based on a jury's guilty verdict, sentencing him to a five-year commitment to the Department of Corrections for use or possession of property subject to criminal forfeiture, a felony.

¶3 On September 24, 2015, Miles City Police Department Officer Pavlicek pulled over a vehicle for speeding and failing to use a turn signal. Upon being stopped, the driver of the vehicle opened his door and ran. Officer Pavlicek called for backup and ran after the driver, leaving two passengers sitting in the vehicle. Officer Pavlicek did not catch the driver. When he returned to the vehicle, Officer Pavlicek discovered that both passengers had also fled.

¶4 Other officers arrived at the location of the vehicle to assist. Agent Kurkowski obtained a search warrant for the vehicle. The officers found a number of illegal substances inside, including marijuana and methamphetamine. They also found a wallet in the back seat of the vehicle with $326 in cash, a Stockman Bank Visa debit card issued to Gribble, a cardiopulmonary resuscitation card for Gribble, a note with a number on it, a partial receipt, and a small scrap of paper that said "Phil is owed .135."

2

¶5 On November 5, 2015, the State filed a complaint against Gribble in Justice Court. The Justice Court issued an arrest warrant for Gribble and he was arrested on December 21, 2015. On December 31, 2015, the State filed an Information in District Court, charging Gribble with the same offense. Gribble was assigned counsel on January 6, 2016, and was arraigned on January 15, 2016. Gribble pled not guilty.

¶6 On February 26, 2016, Gribble filed a motion to dismiss, arguing unnecessary delay for his initial appearance and due process violations. On April 20, 2016, the District Court denied Gribble's motion to dismiss. On April 22, 2016, Gribble filed a second motion to dismiss, arguing the State did not initiate charges against him within the statute of limitations pursuant to § 45-9-206(6), MCA. The District Court denied Gribble's second motion to dismiss on May 3, 2016. A jury trial was held and Gribble was found guilty of use or possession of property subject to criminal forfeiture. Gribble was subsequently sentenced to five years with the Department of Corrections. Gribble appeals to this Court, arguing that the District Court erred when it denied his motions to dismiss.

¶7 This Court reviews a district court's denial of a motion to dismiss in a criminal case de novo. *State v. Madsen*, 2013 MT 281, ¶ 6, 372 Mont. 102, 317 P.3d 806. We review a district court's interpretation and construction of a statute for correctness. *Madsen*, ¶ 6.

¶8 When a person is arrested, he or she "must be taken without unnecessary delay before the nearest and most accessible judge for an initial appearance." Section 46-7-101(1), MCA. In *State v. Strong*, 2010 MT 163, ¶ 19, 357 Mont. 114, 236 P.3d 580, this Court held that dismissal without prejudice was the appropriate remedy when an initial appearance is unnecessarily delayed. Gribble was arrested on December 21, 2015, and was

3

arraigned before a judge on January 15, 2016. The amount of time between Gribble's arrest and initial appearance was twenty-four days. In the District Court, the State argued that delay was necessary due to the Christmas and New Year's Day holidays and because a homicide in December 2015 consumed most of the Custer County Attorney's resources. However, this is not "justification for unnecessarily holding [Gribble] incommunicado, unrepresented, and without the proceedings required by law." *Strong*, ¶ 19. Further, it is unnecessary for a prosecutor to attend an initial appearance in Justice Court.

¶9     The District Court erred when it held that Gribble needed to show actual prejudice to satisfy the unnecessary delay standard. It is unnecessary that a defendant must allege and suffer actual prejudice to find relief under § 46-7-101(1), MCA. *Strong*, ¶ 19. On appeal, the State concedes that while it "is sympathetic to the district court's reasoning, that reasoning conflicts with" holdings from this Court, and therefore Gribble is entitled to dismissal without prejudice.

¶10    We reverse the decision of the District Court regarding the State's failure to promptly conduct an initial appearance, and dismiss this case without prejudice.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law.


                                        /S/ MIKE McGRATH


We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE